UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    BUFFALO NEWSPRESS INC.                BK 25-10125 CLB
    dba BNP Empowered Print

                Debtor.                 <u>DECISION & ORDER</u>
------------------------------------------------------------------

        Gross Shuman P.C.
        Kevin R. Lelonek, Esq., of counsel
        465 Main Street, Ste. 600
        Buffalo, NY 14203
        Attorneys for Debtor

        Levinson Arshonsky Kurtz & Komsky LLP
        J. Alexandra Rhim, Esq., of counsel
        15303 Ventura Blvd., Ste. 1650
        Sherman Oaks, CA 91403
        Attorneys for Celtic Capital Corporation

        Troutman Pepper Locke
        Sean A. Feener, Esq., of counsel
        Brookfield Place
        200 Vesey Street, 20th Floor
        New York, NY 10281
        Attorneys for Change Capital Corp.

        Woods Oviatt LLP
        Timothy Lyster, Esq., of counsel
        1900 Bausch & Lomb Place
        Rochester, NY 14604
        Attorneys for S&T Bank

        Lippes Mathias LLP
        John A. Mueller, Esq., of counsel
        50 Fountain Plaza, Ste. 1700
        Buffalo, NY 14202
        Attorneys for Trend AT LLC

        Office of the U.S. Trustee
        Joseph W. Allen, Esq., AUST
        Olympic Towers
        300 Pearl Street, Ste. 401
        Buffalo, NY 14202

Carl L. Bucki, Chief U.S.B.J.

This Court has already announced its willingness to authorize the debtor in possession to obtain credit under 11 U.S.C. § 364. The remaining issue involves the proper form and content of an order to memorialize that decision.

Buffalo Newspress Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 5, 2025. On March 14, the debtor moved for authority to enter into a post-petition financing agreement with Celtic Capital Corporation. This request was initially opposed by the Office of the United States Trustee. However, at an initial hearing on March 31, the parties requested that the motion be adjourned. Negotiations followed and certain terms of the proposed credit facility were modified. After an evidentiary hearing on April 14, the Court indicated that it would approve the request to borrow funds, subject to a review of the amended loan agreement and submission of an appropriate order. Then on May 1, the debtor submitted a proposed order that was forty pages in length, not including the text of an amended borrowing agreement. Counsel further represented that the proposed order and loan agreement had been reviewed by and was acceptable to the parties who had appeared at the prior hearing.

The Court sees no reason to change its preliminary decision to authorize a loan. This inclination, however, must not be viewed as a license to propose an order that lacks clarity and whose provisions extend beyond the relief that the debtor

requested in its motion. In particular, the Court rejects the proposed order for the following reasons:

1. The proposed order is confusing and lacks precision regarding basic terms of the lending arrangement. Attached to the order is "Exhibit A," a document which purports to be the "DIP Loan Agreement." Nowhere in this document are such basic terms as the principal amount of the loan, the interest rate, or a description of the loan's collateralization. Rather, it appears that the parties expect to infer these terms from the debtor's motion. This Court will not accept ambiguity in the orders that it approves. Rather, we expect that the parties will provide a loan agreement that fully but succinctly states the essential terms of a loan facility.

2. The proposed order recites findings that are not supported by the record. For example, the submitted document contains 106 lines of text which purport to describe stipulations by the debtor. No such stipulations were ever submitted under the signature of either the debtor or its counsel at any time prior to the final hearing of the motion. The parties may always file any stipulation that they may feel is appropriate. But even if the stipulations are signed and filed, the decision of the Court was not based on any such stipulation and is therefore not part of any foundation for the Court's decision.

3. The proposed order attempts to state findings of fact and conclusions of law that may advance the interests of a party, but which have no relevance to the

decision that the Court is making. Celtic Capital Corporation is both a pre-petition creditor and the lender under the post-petition financing agreement. By way of example only, overreaching in the proposed order includes paragraph (f), which recites a finding that "all amounts on deposit or maintained in any deposit account with Prepetition Lender are subject to valid and enforceable rights of setoff and valid, perfected, enforceable liens." Perhaps so, but the Court has made no such finding. Rather, any statements of fact should be limited to what the Court has considered in allowing a post-petition loan.

4. The proposed order seeks to convert terms of contract into mandates of the Court. The motion asks the Court to authorize the debtor to enter into a borrowing agreement. Terms of the borrowing agreement belong in the agreement and not in the order. To the extent that the debtor violates any of the terms, the lender will have only a claim for breach of contract. In contrast, an order directing the imposition of terms might suggest the possibility of contempt in the event of a default. Consistent with the debtor's motion, the Court will authorize but not direct the terms of an appropriate borrowing arrangement.

5. The proposed order directs outcomes that disregard legal process. For example, paragraph 12(d) of the proposed order would authorize the lender to "enter upon any leased or licensed premises of the Debtor for the purpose of exercising any remedy with respect to Collateral located thereon." Additionally, the debtor proposes that this Court direct that the lender "be entitled to all of the Debtor's rights and

privileges as lessee or licensee . . . without interference from lienholders, leasers or licensors thereunder." For its part, the debtor might assign certain of its rights and interests. However, the Court will not issue a directive to third parties except upon notice and an opportunity to be heard.

6. The proposed order seeks to restrict the discretion of this Court. For example, in paragraph 13(b) of the proposed order, the parties ask that any order of dismissal be deemed to include, "if not expressly provided," various terms for the benefit of the lender. If the Court is ever asked to dismiss this case, the lender can always move for special relief. However, we will not allow a creditor to define in advance the contents of a future order of this Court.

7. The proposed order asks the Court to rewrite provisions of the Bankruptcy Code and Rules. For example, section 502(a) of the Bankruptcy Code allows parties in interest to object to claims. Paragraph 15 of the proposed order would restrict the ability of anyone other than the trustee to challenge "the legality, validity, perfection, enforceability, [or] priority" of prepetition obligations owed to Celtic Capital Corporation.

The proposed order fails to attach a clear and precise agreement that recites the essential terms of a loan facility. Furthermore, the granting of a motion does not create opportunities to secure directives that are extraneous to the request for relief. For the reasons stated herein, the Court declines to approve the form of order that

the parties have submitted. We invite the parties to submit a revised order. Alternatively, the debtor may schedule a further hearing on notice to everyone who appeared at the prior hearing on its motion.

      So ordered.


Dated: May 6, 2025                         ___/s/ Carl L. Bucki_____  
      Buffalo, New York            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y